UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS FYFE, JR.,

        Plaintiff,

v.                                                        Case No. 6:24-cv-1574-SPF

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER

    Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

    Plaintiff applied for a period of disability and DIB on January 2, 2019 (Tr. 109). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 110-22, 124-38).  Plaintiff then requested an administrative hearing (Tr. 161-63).  Per Plaintiff's request, the ALJ held a telephone hearing at which Plaintiff appeared and testified (Tr. 42-91).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and denied Plaintiff's claim for benefits (Tr. 14-39). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals

Council denied (Tr. 1-6).  Plaintiff then timely filed a complaint with this Court (Doc. 1).
The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1973, initially claimed disability beginning June 1, 2014,
and later amended his onset date to May 20, 2017 (Tr. 17, 29, 573).  Plaintiff graduated
from high school and has completed some college courses through the military (Tr. 51,
838, 1208).  Plaintiff joined the Marine Corps four years after high school and served for
eighteen and one-half years as an infantry man, scout smoker, and finally retired as a
platoon sergeant for a mortar platoon on June 1, 2014 (Tr. 51).  Plaintiff alleged disability
due to back injury, knee injury, plantar fasciitis, PTSD, IBS, and elbow reconstruction
(Tr. 111).

In rendering the administrative decision, the ALJ concluded that Plaintiff last met
the insured status requirements through December 31, 2019, and had not engaged in
substantial gainful activity during the period of his alleged onset date of May 20, 2017,
through his date last insured (Tr. 19).  After conducting a hearing and reviewing the
evidence of record, the ALJ determined Plaintiff had these severe impairments: lumbar
and cervical degenerative disc disease, and radiopathic process affecting the right mid to
lower cervical spinal levels (*Id.*). The ALJ additionally found that Plaintiff had the
following non-severe impairments: hyperlipidemia, right median nerve pathology (carpal
tunnel), bilateral knee enthesopathy, PTSD, and depression (*Id.*).  Notwithstanding the
noted impairments, the ALJ determined Plaintiff did not have an impairment or
combination of impairments that met or medically equaled one of the listed impairments

in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 24). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following limitations:

> he could lift and carry, push and pull twenty pounds occasionally and ten pounds frequently; could stand and walk for six hours of an eight-hour work day with standard breaks, and with the option to sit at the work station and continue working for ten minutes after thirty minutes of standing or walking; could sit for six hours of an eight-hour work day with standard breaks; could occasionally stoop, climb ramps and stairs, kneel, crawl, crouch, and balance, as that term is used in the Department of Labor's Selected Characteristics of Occupations; and could never climb ladders, ropes, and scaffolds. He could frequently reach, handle, and finger.

(Tr. 24-25). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 25).

The ALJ determined there was insufficient evidence about Plaintiff's past relevant work in the Marine Corps to make a finding regarding his ability to perform past work (Tr. 28). In accordance with 20 C.F.R. § 404.1520(h), the ALJ proceeded to the fifth step of the sequential evaluation process and determined Plaintiff could adjust to other work that existed in significant numbers in the national economy, such as a parts assembler, sorter, or mail clerk (Tr. 28, 30). Based on Plaintiff's age, education, work experience, RFC, and the testimony of a vocational expert ("VE"), the ALJ found plaintiff not disabled (Tr. 30).

III.    **Legal Standard**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which will likely result in death or which has lasted or will likely last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§

4

404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  Review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.    Analysis**

Plaintiff alleges the ALJ failed to properly evaluate the opinions of consultative examiner C. Craig Farmer, Ph.D. and non-examining state agency psychologist Dr. Sean Sayers (Docs. 14).  The commissioner disagrees (Doc. 18).  For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

Before March 27, 2017, Social Security Administration ("SSA") regulations codified the treating physician rule, which required the ALJ to assign controlling weight to a treating physician's opinion if it was well supported and not inconsistent with other record evidence.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).  Under the treating physician rule, if an ALJ assigned less than controlling weight to a treating physician's opinion, he or she had to provide good cause.  *See Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1178–79 (11th Cir. 2011).  Here, revised SSA regulations (published on January 18, 2017, and effective on March 27, 2017) apply because Plaintiff filed his claim in January 2020 and alleged disability beginning May 20, 2017 (*see* Doc. 14).  The revised regulations eliminate the treating physician rule.  *See Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892, 897 (11th Cir. 2022).

The new regulations require an ALJ to apply the same factors when considering the opinions from *all* medical sources.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  As to each medical source, the ALJ must consider: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§

404.1520c(c), 416.920c(c).  But the first two factors are the most important: "Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, 2020 WL 376995, at *4, n.2 (D.S.C. Jan. 6, 2020), citing 20 C.F.R. § 404.1520c(a),(c)(1)-(2) (while there are several factors ALJs must consider, "[t]he most important factors ... are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).").

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record.  *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

The new regulations also change the standards the ALJ applies when articulating his or her assessment of medical source opinions.  An ALJ need not assign specific

evidentiary weight to medical opinions based on their source. *See Tucker v. Saul*, No. 4:19-cv-759, 2020 WL 3489427, at *6 (N.D. Ala. June 26, 2020). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other three factors.[1] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). In general, "[c]ourts recognize the new regulations erect a framework that is highly deferential to the Commissioner." *Anthony v. Kijakazi*, No. CV-120-110, 2021 WL 4304725, at *4 (S.D. Ga. Sept. 3, 2021), *report and recommendation adopted*, 2021 WL 4304721 (Sept. 21, 2021).

### A. Dr. Farmer

On March 11, 2019, Plaintiff was seen by C. Craig Farmer, Ph.D. for a comprehensive clinical psychological evaluation (Tr. 793). Dr. Farmer noted that Plaintiff has no history of mental health treatment but nonetheless reported periodic bouts of depression and anxiety (Tr. 795). Plaintiff denied any history of psychotic symptoms or suicidal thoughts. He told Dr. Farmer he was doing "okay" emotionally and felt that his medical issues were more significant than his emotional problems (*Id.*). On exam, Dr.

---

[1] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Farmer concluded Plaintiff's mood was euthymic and he presented with full range affect (Tr. 795). Dr. Farmer did a cognitive assessment and determined Plaintiff was functioning within the average range of intellectual ability (Tr. 796). Dr. Farmer diagnosed Plaintiff with PTSD by history and unspecified depressive disorder (*Id.*). Dr. Farmer opined that Plaintiff was capable of understanding, retaining, and following instructions; Plaintiff's "ability to sustain attention to perform simple repetitive tasks [was] adequate"; Plaintiff's ability to relate to others appeared to be within normal limits; and Plaintiff's ability to tolerate stress and pressures associated with day-to-day work activity appeared "limited to some degree" due to anxiety symptoms (*Id.*). Dr. Farmer then noted that Plaintiff needed continuing medical treatment, and may well benefit from mental health treatment, although Plaintiff indicated avoiding mental health treatment over the years (Tr. 796-97).

The ALJ found Dr. Farmer's opinion only partially persuasive (Tr. 22). Regarding Dr. Farmer's opinion the ALJ stated:

> Though they are overall supported by Dr. Farmer's examination and are essentially consistent with other evidence of record from the period at issue, which as detailed above, largely documented unremarkable mental status findings, the opinion is somewhat vague and fails to detail the claimant's maximum sustainable functional capabilities in terms relevant to the disability evaluation. Nonetheless, the opinion is consistent with the conclusion that the claimant had no more than mild mental vocational limitations during the period at issue.

(Tr. 23). The ALJ's consideration of Dr. Farmer's opinion complied with the regulatory requirements as he addressed both the consistency and supportability factors.

Plaintiff first argues that the ALJ erred because, despite finding Dr. Farmer's opinion to be partially persuasive, he failed to include Dr. Farmer's limitations in Plaintiff's RFC. As an initial matter, "finding an opinion persuasive does not mean it is

controlling." *Dykes v. Comm'r of Soc. Sec.*, No. 2:21-cv-626-JES-NPM, 2022 WL 4229261, *5 (M.D. Fla. Aug. 1, 2022), *report and recommendation adopted*, 2022 WL 3655419 (Aug. 25, 2022) (citing 20 C.F.R. § 404.1520c(a)).  And the regulations do not require ALJs to adopt every part of an opinion that they otherwise find persuasive.  *See Sesler v. Comm'r of Soc. Sec.*, No. 8:20-cv-2835-DNF, 2021 WL 5881678, *6 (M.D. Fla. Dec. 13, 2021); *Misla v. Comm'r of Soc. Sec.*, No. 6:20-cv-1076-DCI, 2021 WL 2417084, *2 (M.D. Fla. June 14, 2021).  Moreover, the assessment of a claimant's RFC is within the exclusive province of the ALJ.  *See Wolff v. Comm'r of Soc. Sec.*, No. 2:22-cv-177-SPC-NPM, 2023 WL 1971935, *6 (M.D. Fla. Jan. 27, 2023), *report and recommendation adopted*, 2023 WL 1967586 (Feb. 13, 2023).  Therefore, to the extent the ALJ did not adopt every limitation opined by Dr. Farmer, the ALJ was not required to do so.

Plaintiff next argues that the ALJ's evaluation of Dr. Farmer's opinion is flawed because "there is nothing vague about limiting a claimant to simple repetitive tasks" (Doc. 14 at 21).  But this argument is based on the false premise that Dr. Farmer limited Plaintiff to simple repetitive tasks.  That is not what Dr. Farmer stated.  Instead, Dr. Farmer opined that Plaintiff had an "adequate ability to sustain attention to perform simple repetitive tasks" (Tr. 796).  The finding that a claimant has an adequate ability to perform simple repetitive tasks does not necessarily indicate that a claimant can do no more than perform simple repetitive tasks.[2]  Indeed, Plaintiff's reading of Dr. Farmer's opinion only lends further support to the ALJ's conclusion that his opinion was "somewhat vague and fail[ed]

---

[2] Plaintiff's argument that his mental health impairments cannot be considered "non-severe" because Dr. Farmer opined that Plaintiff's mental health impairments limit him to simple repetitive tasks fails for the same reason.

to detail the claimant's *maximum* sustainable functional capabilities" (Tr. 23 (emphasis added)).  Dr. Farmer's opinion that Plaintiff has an adequate ability to sustain attention to perform simple repetitive tasks does not offer a specific functional limitation, rather it only provides a floor of Plaintiff's capability.  Additionally, Dr. Farmer's opinion that Plaintiff's ability to tolerate stress is "limited to some degree" is vague and does not provide specific functional limitations.

When giving weight to medical opinions "what matters is whether the ALJ states with at least some measure of clarity the grounds for his or her decision." *Davis v. Comm'r of Soc. Sec.*, No. 24-10771, 2025 WL 1123853, at *5 (11th Cir. Apr. 16, 2025) (quoting *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 n.14 (11th Cir. 2024), *cert. denied sub nom. Raper v. O'Malley*, 145 S. Ct. 984, 220 L. Ed. 2d 362 (2024)).  It is appropriate to assign less weight to medical opinions that are vague and fail to provide a function-by-function assessment of the claimant's ability to perform work related activity.  *See Clough v. Comm'r of Soc. Sec.*, 813 F. App'x 436, 441-42 (11th Cir. 2020) (holding that an ALJ assigning less weight to a vague medical opinion for failing to provide a function-by-function assessment of the claimant's ability to perform work related activity is an adequate explanation with at least some measure of clarity);[3] *Hepburn v. O'Malley*, No.

---

[3] While this case was decided on the now abolished treating physician rule, district courts have continued to find the ALJ justified in assigning less weight to vague medical opinions that don't provide a function-by-function assessment of a plaintiff's ability to perform work related activity.  *See, e.g., Keaton v. Comm'r of Soc. Sec.*, No. 2:23-CV-826-NPM, 2024 WL 4345061, at *8 (M.D. Fla. Sept. 30, 2024); *Hamrick v. Kijakazi*, No. 8:20-CV-2606-TPB-TGW, 2022 WL 4136605, at *6 (M.D. Fla. Aug. 4, 2022), *report and recommendation adopted*, 2022 WL 4133124 (Sept. 12, 2022).

6:24-CV-540-SJH, 2024 WL 4647948, at *5 (M.D. Fla. Nov. 1, 2024) (finding the ALJ was valid in undermining supportability when a medical opinion is vague and fails to offer an explanation for such restrictions).

Plaintiff next argues that the ALJ failed to adequately consider the supportability of Dr. Farmer's opinion because it was the only examining opinion in the record during the relevant period and his opinion is better supported than Dr. Sayers' opinion. As the Commissioner points out (Doc. 18 at 13), the ALJ is not required to give more weight to Dr. Farmer's opinion merely because Dr. Farmer was an examining physician. Instead, the ALJ is only required to explain how he considered supportability and consistency, which the ALJ properly did here. *See* 20 C.F.R. § 404.1520c; *Harner*, 38 F.4th at 897 (explaining that the revised regulations "eliminated confusion about the hierarchy of medical sources and focused on the persuasiveness of the content of the evidence") (citations and internal quotations omitted).[4]

Finally, Plaintiff argues that the ALJ failed to consider the consistency of Dr. Farmer's opinion with the rest of the record, and particularly with the opinion of Madelin

---

[4] Plaintiff also argues that "the ALJ cannot logically concede that Dr. Farmer's opinions were 'overall supported by Dr. Farmer's examination and are essentially consistent with the other evidence of record from the period at issue...' and then find that the opinion was only partially persuasive without further explanation." (Doc. 14 at 22). As discussed throughout this section, however, the ALJ did provide further explanation—he stated that the opinion was "somewhat vague and fails to detail the claimant's maximum sustainable functional capabilities in terms relevant to the disability evaluation." (Tr. 23). Moreover, Plaintiff fails to elaborate any further on this argument. As a result, this argument is rejected. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2019) (stating that "[a]bandonment of an issue" can occur when only "passing references appear in the argument section of an opening brief, particularly when the references are mere 'background' to the appellant's main arguments or when they are 'buried' within those arguments").

Westerfeld, Psy.D., which he alleges to be consistent with Dr. Farmer's opinion.  As discussed above, the ALJ properly addressed the consistency of Dr. Farmer's opinion and found it to be "essentially consistent with other evidence of record from the period at issue, which as detailed above, largely documented unremarkable mental status findings." (Tr. 23).  The evidence of record that was "detailed above" included the findings of Plaintiff's pain management providers that routinely observed that Plaintiff was alert and oriented to person, place, and time; was cooperative; had normal mood and affect; had good communication ability; demonstrated normal memory; and was not in distress during the period at issue (Tr. 20-23, 640, 646, 651-52, 662, 671, 677, 683, 788, 862, 868, 974, 880, 884, 890).  The ALJ also discussed Plaintiff's own statements and Plaintiff's lack of mental health treatment during the relevant period.  (*See, e.g.*, Tr. 21 ("The Claimant reported that he felt he was handling his emotional issues adequately without mental health treatment.").

Moreover, the ALJ is not required to specifically compare Dr. Farmer's opinion with Dr. Westerfeld's opinion.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("There is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision.").  Regardless, despite Plaintiff's argument to the contrary, Dr. Westerfeld's opinion is *not* consistent with Dr. Farmer's.  Plaintiff suggests that both Dr. Farmer and Dr. Westerfeld found Plaintiff to have severe mental health limitations (Doc 14 at 23).  This is not the case.  Dr. Farmer found Plaintiff to have only some degree of limitation due to anxiety symptoms, while Dr. Westerfeld found Plaintiff seriously limited

13

in several mental categories (Tr. 796, 1369).[5]   Considering the foregoing, Plaintiff has not established that the ALJ erred in his analysis of Dr. Farmer's opinion.[6]

### B.  Dr. Sayers

State agency psychologist, Dr. Sean Sayers, reviewed Plaintiff's DIB claim in April 2019 (Tr. 110-118).   Dr. Sayers listed the medical records he considered in evaluating Plaintiff's mental impairments, which included Dr. Farmer's March 2019 consultative examination (Tr. 111-13).   Dr. Sayers found Dr. Farmer's opinion to be partially persuasive because it showed that Plaintiff had some mental limitations "but not significant enough to preclude work" (Tr. 118).   Dr. Sayers determined that Plaintiff had no more than mild limitations in the areas of functioning, and as a result, his mental health impairments, including depression and PTSD, were non-severe (Tr. 116-17).

---

[5] Dr. Westerfeld began treating Plaintiff in October 2023 and issued her opinion in January 2024, over three years after Plaintiff's date last insured (Tr. 1371).  The ALJ found that Dr. Westerfeld's opinion was not persuasive for the time period relevant to Plaintiff's case (from May 2017 to December 2019).  As the ALJ explained, Dr. Westerfeld herself noted that she could not comment on Plaintiff's functioning during the relevant time period because she did not begin treating him until October 2023 (Tr. 23, 1371).  *See Alvarez v. Comm'r of Soc. Sec.*, 848 F. App'x 823, 825 (11th Cir. 2021) (holding the ALJ did not err in failing to assign weight to medical opinions eighteen months after date last insured).

[6] In his Reply, Plaintiff raises additional challenges to the ALJ's consideration of Dr. Farmer's opinion, namely, that the ALJ failed to address the consistency of Dr. Farmer's opinion with Plaintiff's subjective complaints and the ALJ failed to address the possibility of a fluctuation in Plaintiff's symptoms.  Because these new arguments are in violation of this Court's order, the Court does not address them.  *See* Doc. 11 (stating that Plaintiff's Reply must only "respond to legal or factual assertions raised in the Commissioner's brief" and "may assert no new legal theory or claim for relief"); *see also Vargas v. Michaels Stores, Inc.*, No. 8:16-cv-1949-T-33JSS, 2017 WL 3174058, at *2 (M.D. Fla. July 26, 2017) (noting that "district courts ordinarily do not consider new arguments raised in reply briefs" unless they "address unexpected issues raised for the first time by the opposing party's response").

The ALJ found Dr. Sayers' opinion (that Plaintiff's mental health impairments were non-severe) to be persuasive (Tr. 22). In particular, the ALJ stated:

> I note that State agency medical consultants reviewed the claimant's file relative to these [mental] impairments in April 2019 and July 2019, respectively, and found that his mental impairments were non-severe, with no more than mild limitations in any of the paragraph B criteria. These opinions are persuasive, as they are supported by the evidence available to these consultants for their reviews, which documented the claimant with some mental complaints related to his pain, but more frequent documentation with overall normal mental status examination findings and no mental health treatment during the period at issue. In addition, they are consistent with the overall evidence of record from the period at issue, which continued to document the claimant with some complaints of depression, but also found him well groomed, alert, oriented times three, and cooperative, with normal mood, speech, affect, and memory during the period at issue.

(Tr. 22 (citations omitted)). The ALJ's consideration of Dr. Sayers' opinion complied with the regulatory requirements as he addressed both the consistency and supportability factors. First, the ALJ noted that Dr. Sayers' opinion was supported by the evidence available to him, which documented some mental complaints related to Plaintiff's pain, but more frequently reflected normal mental status examination findings and no mental health treatment during the relevant period. (Tr. 22, 640, 646, 651-52, 662, 671, 677, 683, 788). The ALJ then noted that Dr. Sayers' opinion was consistent with the evidence of record which contained some complaints of depression, but generally found Plaintiff to be well groomed, alert, oriented times three, and cooperative, with normal mood, speech, affect, and memory during the period at issue (Tr. 22, 862, 868, 874, 880, 884, 890).

Plaintiff does not seem to challenge the ALJ's evaluation of Dr. Sayers' opinion, but instead seems to challenge Dr. Sayers' finding that Dr. Farmer's opinion was only partially persuasive because Plaintiff's mental health limitations were not "significant

enough to preclude work" (Doc. 14 at 18; Tr. 118).  But the ALJ did not merely adopt Dr. Sayers' analysis of Dr. Farmer's opinion as his own.  Instead, as addressed in the previous section, the ALJ independently evaluated Dr. Farmer's opinion addressing the supportability and consistency factors.  And it is the ALJ's decision—not the state agency consultant's—that is before this Court.  *See Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (stating that, when the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner).

Moreover, as the Commissioner correctly points out, this is not an *opinion* the ALJ was required to consider (Doc. 18 at 9 n.4).  *See* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what [a claimant] can still do despite [their] impairment(s) and whether [they] have one or more impairment-related limitations or restrictions. . . .").  And even assuming this qualifies as a prior administrative medical finding, "the ALJ was not required to articulate in [his] decision how [he] evaluated every individual finding of the state agency psychologists."  *Hay v. Kijakazi*, No. 20-cv-62288, 2023 WL 8719154, at *7 (S.D. Fla. Dec. 17, 2023); *see also* 20 C.F.R. § 404.1520c(b)(1) ("We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.").  Here, as discussed above, the ALJ adequately addressed the supportability and consistency of Dr. Sayers' opinion as a whole.[7]  Considering the foregoing, the Court finds that the ALJ did not err in his evaluation of Dr. Sayers' opinion.

---

[7] Plaintiff also argues that the ALJ erred by finding Dr. Sayers' opinion more persuasive than Dr. Farmer's opinion because Dr. Farmer was the only mental health specialist to

At this point, the Court reiterates that, when reviewing an ALJ's decision, the Court's job is not to determine whether evidence in the record could support a different conclusion, but whether the administrative record contains enough evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* In other words, the Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if the Court finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). With this standard in mind, after considering the entire record, the Court finds that the decision of the Commissioner should be affirmed.

**V.    Conclusion**

For the foregoing reasons, it is ORDERED:

1.      The decision of the Commissioner is AFFIRMED.

2.      The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

ORDERED in Tampa, Florida, on July 3, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

examine Plaintiff during the relevant period. Because the Court addressed this argument with respect to the ALJ's evaluation of Dr. Farmer's opinion, it does not address it again.